UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60361-CIV-SEITZ/DUBÉ

KAREN HOSEIN,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on the Motion for Summary Judgment filed by the Defendant (D.E. #17) and the Motion for Summary Judgment filed by the Plaintiff (D.E. #24) pursuant to a Clerk's Notice of Magistrate Judge Assignment entered by the Clerk of Court, United States District Court for the Southern District of Florida. The issue before this Court is whether the record contains substantial evidence to support the denial of benefits to the Plaintiff, Karen Hosein (hereinafter "Hosein" or "Plaintiff").

### I. FACTS

On March 21, 2007, the Plaintiff filed an application for disability insurance benefits, alleging a disability onset date of September 2, 2006. (R. 75-77).[1] The application was denied initially and on reconsideration. (R. 60-61, 65-72). An initial hearing was held on March 20, 2008. (R. 19-30). Following the hearing, the ALJ issued a decision denying the request for benefits. (R. 9-18). A request for review filed with the Appeals Council was denied. (R. 1-3). On June 25, 2008, one day after the ALJ issued his decision, they Attorney Advisor found the Plaintiff disabled as of

---

1 All references are to the record of the administrative proceeding filed as part of the Defendant's answer.

June 25, 2008.

The Plaintiff testified she last worked in November 2006, and has never received unemployment benefits or Workers' Compensation. (R. 21). The Plaintiff also testified that Dr. George E. Munoz was her rheumatologist and she was referred to Dr. Munoz by her lung specialist Dr. Roger Copolla. Hosein asserted she was first treated by Dr. Copolla when she was in the hospital in 2002. (R. 22).

According to the Plaintiff, she gets infusions every 6 months which provide her relief for 2-3 weeks. (R. 23-24). Additionally, Hosein stated that in between the infusions, she takes her pain medications, which are Vicodin, Motrin and Percocet. Counsel for the Plaintiff noted that the records appear inconsistent because of the periods "where she gets better after the infusion." (R. 24). The Plaintiff explained she was on Cortisone shots, which gave her "a lot of relief," and then they tried Remikade, but she was allergic to it. (R. 25). The Plaintiff testified she still has to take Vicodin "which messes up [her] head," and Prednisone, "which helps the inflammation." The Plaintiff stated she takes 10 milligrams of Prednisone per day. (R. 25-26).

The Plaintiff also stated that 3 or 4 weeks after the injections, she is "no good." Hosein explained she has difficulty getting out of bed, brushing her teeth, holding her toothbrush, and turning the doorknob to come out of her bedroom. Hosein stated she sleeps with her bedroom door open "because that has become an issue." Hosein also stated she takes vitamin B-12 for fatigue because when she is overwhelmed she has to lay down and sleep. Additionally, the Plaintiff claimed Vicodin makes her very sleepy, and she did not take one the morning of the hearing for that reason, but instead took Motrin. (R. 26).

According to the Plaintiff, her typical day consists of laying down and reading "a little bit but even holding a book [is] tiresome." (R. 26-27). The Plaintiff testified that after she left work in

September 2006, she tried to go back but was missing too many days due to getting her treatment and other days she would call in sick. (R. 27). The Plaintiff also testified she is unable to do any computer work because it is "too much on [her] fingers and [her] wrist." (R. 28).

Counsel for the Plaintiff noted that Dr. Munoz submitted an MRI taken on May 9, 2007 of the Plaintiff's hands which revealed tenosynovitis of the PIP joint. (R. 28). Additionally, counsel for the Plaintiff stated she has rheumatoid arthritis with an indication of polyarthralgia and borderline Lupus. (R. 29).

In addition to the testimony presented at the hearing, medical records were submitted to the ALJ. A review of the medical records and the specific issues raised by the Plaintiff in her Motion for Summary Judgment shows that the resolution of the issues do not require this Court to specifically set out all the medical evidence in detail. Accordingly, this Court will discuss the legal issues involved and will incorporate the facts as appropriate within the arguments presented below.

On June 24, 2008, the ALJ issued a decision finding that the Plaintiff's impairments of diffuse connective tissue disease/lupus, asthma, and rheumatoid arthritis were severe but did not meet or equal the severity in the listing of impairments. (R. 14). The ALJ also found that the Plaintiff's retained the residual functional capacity to perform a full range of light work; specifically, that the Plaintiff has the ability to lift and carry up to 20 pounds occasionally and 10 pounds frequently; stand and walk for 6 hours in an 8-hour workday; and sit for 6 hours in an 8-hour workday. (R. 14). Based on these findings, the ALJ concluded that the Plaintiff could perform her past relevant work as an executive assistant, and thus, was not disabled within the meaning of the Social Security regulations. (R. 17).

## II. LEGAL ANALYSIS

Judicial review of the factual findings in disability cases is limited to determining whether

the record contains substantial evidence to support the ALJ's findings and whether the correct legal standards were applied. 42 U.S.C. section 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Kelley v. Apfel, 185 F.3d 1211, 1213 (11th Cir. 1999); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). "Substantial evidence" is more than a scintilla, but less than a preponderance and is generally defined as such relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

In determining whether substantial evidence exists, the court must scrutinize the record in its entirety, taking into account evidence favorable as well as unfavorable to the Commissioner's decision. Foote v. Chater, 67 F.3d 1553 (11th Cir. 1995); Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988). The reviewing court must also be satisfied that the decision of the Commissioner correctly applied the appropriate legal standards. See, Bridges v. Bowen, 815 F.2d 622, 624 (11th Cir. 1987). The court may not reweigh evidence or substitute its judgment for that of the ALJ, and even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence. See, Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991); Baker v. Sullivan, 880 F.2d 319 (11th Cir. 1989).

The restrictive standard of review set out above applies only to findings of fact. No presumption of validity attaches to the conclusions of law found by the Commissioner, including the determination of the proper standard to be applied in reviewing claims. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). The failure by the Commissioner to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal. Cornelius v. Sullivan, 936 F.2d 1143, 1145-1146 (11th Cir. 1991).

Social Security regulations establish a five-step sequential analysis to arrive at a final

determination of disability. See, 20 C.F.R. section 404.1520; 20 C.F.R. section 416.920 (a)-(f).

The ALJ must first determine whether the claimant is presently employed. If so, a finding of non-disability is made, and the inquiry ends. 20 C.F.R. section 404.1520(b). In the second step, the ALJ must determine whether the claimant suffers from a severe impairment or combination of impairments. If such a finding is not made, then a finding of non-disability results, and the inquiry ends. 20 C.F.R. section 404.1520(c).

At step three, the ALJ compares the claimant's severe impairments to those in the listing of impairments. 20 C.F.R. section 404.1520(d), subpart P, appendix I. Certain impairments are so severe, whether considered alone or in conjunction with other impairments, that if such impairments are established, the regulations require a finding of disability without further inquiry into the claimant's ability to perform other work. See, Gibson v. Heckler, 762 F.2d 1516, 1518, n.1 (11th Cir. 1985). If the impairment meets or equals a listed impairment, disability is presumed, and benefits are awarded. 20 C.F.R. section 404.1520(d).

Step four involves a determination of whether the impairments prevent the claimant from performing his or her past relevant work. If the claimant cannot perform his or her past relevant work, then a prima facie case of disability is established and the burden of going forward with the evidence shifts to the Commissioner to show, at step five, that there is other work available in the national economy which the claimant can perform. 20 C.F.R. section 404.1520(e)-(f).

The claimant bears the initial burden of proving that he is unable to perform previous work. See, Barnes v. Sullivan, 932 F.2d 1356, 1359 (11th Cir. 1991). The inability to perform previous work relates to the type of work performed, not to merely a specific prior job. See, Jackson v. Bowen, 801 F.2d 1291, 1293 (11th Cir. 1986).

The Plaintiff's first point of contention is that the subsequent fully favorable determination

finding her disabled one day after the issuance of the unfavorable ALJ decision constitutes new and material evidence and grounds for a remand under sentence six consistent with 42 U.S.C. 405(g). The Plaintiff also contends that the ALJ's decision on June 24, 2008 is not supported by substantial evidence as the Attorney Advisor's decision on June 25, 2008, found her disabled. Additionally, the Plaintiff argues that the ALJ erred in failing to assess all severe impairments including obesity, sleep apnea, interstitial lung disease and hypertension. Lastly, the Plaintiff argues that the ALJ failed to properly assess all of the opinion evidence from the treating rheumatologist. Specifically, the Plaintiff contends that the arthritis questionnaire was not evaluated and the ALJ did not articulate what, if any, weight was assigned to this opinion evidence; the ALJ failed to accord proper weight to the RFC completed by Dr. Munoz; the RFC for a full range of light work is not supported by substantial evidence; the ALJ erred in on assessing any manipulative limitations; and the ALJ failed to properly assess the Plaintiff's pain and fatigue.

The Defendant argues that the subsequent Attorney Advisor decision is not "new" and "material" evidence under sentence six of 42 U.S.C. § 405(g), and therefore, this argument should be rejected. Additionally, the Defendant argues that substantial evidence supports the ALJ's decision that the Plaintiff is not disabled.

Under Section 405(g) of the Social Security Act, a district court is permitted to remand an application for benefits to the Commissioner by two methods which are commonly denominated as "sentence four remands" and "sentence six remands." Ingram v. Commissioner for Social Security, 496 F.3d 1253 (11th Cir. 2007). A sentence four remand is appropriate when "evidence properly presented to the Appeals Council has been considered by the Commissioner and is part of the administrative record." Ingram, 496 F.3d at 1269. A "sentence six remand is available when evidence not presented to the Commissioner at any stage of the administrative process requires

further review." Id., at 1267. While the claimant does not need a showing of good cause under sentence four, the claimant must show "good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C.A. § 405(g), see also Ingram, 496 F.3d at 1258.

When the Appeals Council has denied review, only evidence presented to the ALJ will be considered when determining whether the ALJ's decision is supported by substantial evidence. Falge v. Apfel, 150 F. 3d 1320, 1323 (11th Cir. 1998). However, the Plaintiff can still succeed on her argument that remand is proper, if she can prove that the new evidence was submitted to the Appeals Council and the Appeals Council refused to consider the new evidence and denied review. The decision [the denial of review] is... subject to judicial review because it amounts to an error of law. Falge, at 1324. In the instant case, the parties argue whether the subsequent Attorney Advisor decision is "new and material" evidence under sentence six.

To properly remand under a sentence six, the Plaintiff must prove the following: (1) ... new, non-cumulative evidence exists, (2) the evidence is material such that a reasonable possibility exists that the new evidence would change the administrative result, and (3) good cause exists for the applicant's failure to submit the evidence at the appropriate administrative level. Falge, at 1323.

As stated above, the ALJ ultimately determined that the Plaintiff was not under a disability as defined in the Social Security Act from September 2, 2006 through June 24, 2008. (R. 17). However, a subsequent Attorney Advisor's decision found the Plaintiff disabled as of June 25, 2008. (D.E. #24-1, page 15). In contrast to the ALJ's June 24, 2008 decision, the Attorney Advisor indicated the Plaintiff retained the residual functional capacity for a markedly reduced range of sedentary work, and considering the Plaintiff's age, education and work experience, she was disabled pursuant to SSR 96-9p. (D.E. #24-1, page 19).

Additionally, while the ALJ determined that the Plaintiff was "not credible," (R. 16) the

Attorney Advisor found that Hosein was "generally credible" (D.E. #24-1, page 18) and specifically stated as follows:

> ... She had severe pain, limited range of motion of the joints and fatigue due severe rheumatoid arthritis. She had been receiving treatment for rheumatoid arthritis for many years from Dr. Munoz. Due to the severe pain and fatigue from the rheumatoid arthritis she would be unable to complete even sedentary work activity.

(D.E. #24-1, pages 18-19).

The Attorney Advisor further stated:

> The State agency medical consultants' physical assessments are given little weight because other medical opinions are more consistent with the record as a whole. The medical opinions of Dr. Munoz and Dr. Ahmed are more consistent with the evidence. Furthermore, the State agency consultants did not adequately consider the claimant's subjective complaints.

(D.E. #24-1, page 19).

A review of the record reveals that the Attorney Advisor relied on information that was available prior to the ALJ's decision. In fact, the Attorney Advisor's decision involved substantially the same record evidence before the ALJ. The discrepancies between the ALJ's June 24, 2008 decision and the Attorney Advisor's June 25, 2008 decision call into question whether the ALJ considered all material evidence in the record before reaching his decision. See, Floyd v. Astrue, 2010 WL 2326508 (E.D.N.C. April 26, 2010); See also, Reichard v. Barnhart, 285 F.Supp.2d 728, 734 (S.D.W.Va. September 29, 2003)(a "decision finding disability commencing less than a week after... [an ALJ] first pronounced that Claimant was not disabled is new and material evidence")(citing Lively v. Secretary of HHS, 820 F.2d 1391 (4th Cir. 1987).

As such, it is the opinion of this Court that remand is required for the ALJ to consider all material evidence in the record. Additionally, this Court finds that the ALJ did not specifically state a basis for rejecting the Plaintiff's hearing testimony or provide any inconsistencies between the

Plaintiff's testimony and the record as a whole. Therefore, a full credibility analysis is required upon remand.

This Court's finding, as noted above, has a direct impact on the Plaintiff's other issues raised in her motion. Therefore, said issues are DEEMED as MOOT.

Accordingly, this Court recommends that the decision by the ALJ be REVERSED and this cause REMANDED for further proceedings consistent with this Report and Recommendation.

### III. CONCLUSION AND RECOMMENDATION

Based on the foregoing, this Court finds that the decision of the ALJ was not supported by substantial evidence and that the correct legal standards were not applied. Therefore, it is the recommendation of this Court that the decision of the Commissioner be reversed. Accordingly, the Motion for Summary Judgment filed by the Defendant (D.E. #17) should be **DENIED** and the Motion for Summary Judgment filed by the Plaintiff (D.E. #24) should be **GRANTED in part**.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from service of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Patricia A. Seitz, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. Loconte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); R.T.C. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND ORDERED** this __14__ day of December, 2010.

ROBERT L. DUBÉ
UNITED STATES MAGISTRATE JUDGE